IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael Antwan Sheppard, #280508, ) | C/A NO. 3:09-2529-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Robert M. Stewart, SLED; ) | |
| Mary C. Perry, SLED, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* motion to amend his complaint, filed pursuant to the order of this court filed November 6, 2009. Dkt. # 9.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On October 20, 2009, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report and a Motion to Amend on October 28, 2009. In his objections, Plaintiff advised he desired to amend his complaint to add certain state law claims and federal causes of action, but needed a copy of the current complaint to prepare a proposed amended complaint. By order of November 6, the Clerk was directed to forward a copy of the then-filed complaint to Plaintiff.

Plaintiff' filed his amended complaint on November 16, 2009. Plaintiff's amended complaint contains five state law causes of action, and a claimed violation of the Due Process clause.

For the reasons discussed below, Plaintiff's amendment to his complaint is insufficient to state a federal cause of action, and therefore this court dismisses the complaint for failure to state a federal cause of action. The court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and therefore dismisses this matter in its entirety.

**DUE PROCESS**

Plaintiff contends, in both his original complaint and its amendment, that he has paid a requisite copy fee to receive a copy of a South Carolina Law Enforcement Division (SLED) lab report, but that he has not received the copy despite several contacts with Defendant Perry (who was allegedly supposed to provide this copy). Plaintiff also contends that Defendant Stewart, as Perry's "supervisor," has "direct knowledge" of Perry's alleged failure to provide Plaintiff with the copy. Amd. Cmp. at 2 (Dkt. # 10, filed Nov. 16, 2009).[1] Plaintiff's federal cause of action for violation of Due Process in his amended complaint indicates that "[D]efendants did deprive Plaintiff of life, liberty or property without the process owe[d] to [P]laintiff by Defendants simply refusing to provide Plaintiff the documents by not answering Plaintiff's numerous letters depriving Plaintiff of any process to challenge why the documents are not being provided, except through a lawsuit." *Id*. Essentially, Plaintiff complains that Defendants have taken his alleged payment and have not provided a copy of the requested report.

The Due Process clause demands that in instances when officials, acting under color of state law pursuant to a state policy or procedure, deprive a citizen of property, a meaningful predeprivation remedy should exist whereby a citizen may challenge the taking before it occurs. However, when a random act by a state official, acting under color of state law, occurs, whether

---

[1]The court notes that Defendant Stewart retired from SLED several years ago.

negligent or intentional, it is impracticable for the state to provide a hearing before the act. Therefore, as long as the state provides a remedy whereby individuals can seek redress for the deprivation, the Due Process clause is not offended. In other words, because the state cannot foresee if and when an employee may deprive a citizen – whether intentionally or through a negligent act – of his property, as long as the state provides a meaningful post-deprivation remedy, no Due Process violation occurs. *See Parratt v. Taylor*, 451 U.S. 527 (1981) (negligent act), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986);[2] and *Hudson v. Palmer*, 468 U.S. 517 (1984) (intentional act). Plaintiff claims that Defendant Perry has failed to provide his copy despite payment and repeated letters requesting that the copy be provided. As stated above, such a deprivation "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson*, 468 at 533. In South Carolina, Plaintiff could bring suit in state court under the South Carolina Freedom of Information Act, which satisfies the requirements of the Due Process clause. See S.C. Code § 30-4-100 ("Any citizen of the State may apply to the circuit court for either or both a declaratory judgment and injunctive relief to enforce the provisions of this chapter in appropriate cases . . . .").

As noted by the Magistrate Judge in his Report and Recommendation, the complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case

---

[2] *Parratt* was later overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986), to the extent that it held that mere negligence on the part of a state employee may "deprive" one of a protected interest under the Due Process Clause.

upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. In this instance, taking Plaintiff's pleaded facts as true, Plaintiff's amended complaint should be dismissed for failure to state a federal claim for relief.

Therefore, the court dismisses Plaintiff's federal cause of action without prejudice and without issuance and service of process. The court declines to exercise supplemental jurisdiction over Plaintiff's alleged violations of state law, and therefore dismisses this action in its entirety without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 24, 2009

C:\Documents and Settings\Kgb07\Local Settings\Temp\notesE1EF34\09-2529 Sheppard v. Stewart deny m to amd dism cmp.wpd

4